IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| CHARLES MOSELY § | Case No. 25-31187 | |
| DEBTOR. § | Chapter 13 | |
| § | | |

| | | |
|---|---|---|
| CHARLES MOSELY, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | Adversary No. 25-03365 | |
| § | | |
| SELENE FINANCE LP, § | | |
| § | | |
| Defendant. § | | |

**DEFENDANT'S AMENDED MOTION TO DISMISS AND BRIEF IN SUPPORT**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Defendant Selene Finance LP ("Selene" or "Defendant") hereby files its Amended Motion to Dismiss and Brief in Support ("Motion to Dismiss").

# I.
# INTRODUCTION

1. Plaintiff Charles Mosely ("Plaintiff" or "Borrower") filed an Adversary Complaint for RESPA and DTPA Violations (Doc. 1) against Selene in this adversary case pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division ("Adversary Action"). Plaintiff later filed Debtor's First Amended Adversary Complaint for RESPA and DTPA Violations ("Complaint").[1] (Doc. 2). First, Plaintiff's Real Estate Settlement Procedure Act ("RESPA") claim fails as a matter of law because none of the alleged qualified written requests are valid qualified written requests under 12 U.S.C. 2605. Second Plaintiff's RESPA claim is time-barred with respect to the alleged qualified written request sent in 2021. Third, Plaintiff fails to state a claim under 12 C.F.R. 1024.17 because Plaintiff fails to plead his alleged insurance policies satisfied the requirements of the Loan (defined below) and Plaintiff fails to plead any facts to support a claim under 12 C.F.R. 1024.17. Fourth, Plaintiff's claim under 12 C.F.R. 1024.37 fails as a matter of law because there is no private cause of action under Section 1024.37. Fifth, Plaintiff fails to state a claim under 12 C.F.R. 1024.37 because Plaintiff pleads no facts to support such a claim. Sixth, Plaintiff's claims for violations of RESPA fail because Plaintiff fails to allege Selene's alleged violations of RESPA caused Plaintiff actual damages. Seventh, Plaintiff's claim for statutory damages under 12 U.S.C. 2605(f) fails because Plaintiff fails to adequately allege actual damages and fails to allege Selene engaged in a pattern or practice of noncompliance with RESPA. Eighth, Plaintiff's claim for violations of the Deceptive Trade Practices-Consumer Protection Act

---

[1] In deciding this Motion, the Court may consider documents referred to in the Complaint and central to Plaintiff's claims, documents attached to the Complaint, and the Court may also take judicial notice of matters of public record. *Sigler v. Caliber Home Loans, Inc.*, No. SA-16-CV-717-XR, 2017 WL 74756, at *3 (W.D. Tex., Jan. 5, 2017). For the Court's convenience, the Complaint is attached hereto as **Exhibit 1** and is incorporated by reference. A portion of the loan number, policy numbers, and other confidential or sensitive information has been redacted from the Complaint and its exhibits.

("DTPA") fails as a matter of law because Plaintiff is not a consumer as required by the DTPA. Ninth, Plaintiff fails to plead any facts to support a claim under the DTPA. Tenth, Plaintiff fails to state a claim for breach of contract because Plaintiff does not allege Defendant is a party to the alleged contract or that he has been performing under the Loan. Eleventh, Plaintiff fails to plead any facts to support his claim for breach of contract. Twelfth, Plaintiff also fails to allege any facts to support a claim for equitable and injunctive relief. Thirteenth, Plaintiff's request for injunctive relief fails as a matter of law because he has failed to plead any viable substantive claim. Fourteenth, Plaintiff fails to state a claim for attorney fees because Plaintiff does not identify a basis to recover his fees, Plaintiff does not have an attorney and Plaintiff's claim for breach of contract fails. Thus, each of Plaintiff's claims fails and should be dismissed.

## II.
## FACTUAL BACKGROUND

2.      Plaintiff alleges he is the owner of the Property and is the obligor on a mortgage loan ("Loan") serviced or held by Defendant. (Doc. 2, pg. 2). Plaintiff alleges on or about October 22, 2021, he submitted a Qualified Written Request to Defendant pursuant to 12 U.S.C. § 2605(e) (the "2021 QWR")[2] seeking clarification regarding "account errors, fees and misapplied payments." (*Id.*). Plaintiff alleges Defendant failed to acknowledge or "adequately respond" within the statutory time limit. (*Id.*).

3.      Plaintiff alleges on or about September 29, 2022, he submitted a second Qualified Written Request (the "2022 QWR") requesting correction of servicing errors including

---

[2] The 2021 QWR is attached to the Complaint as its Exhibit A. Because the 2021 QWR is attached to the Complaint and is central to Plaintiff's claims, the Court may consider the 2021 QWR is ruling on this Motion. *Sigler*, 2017 WL 74756, at *3.

unexplained late fees and misapplied payments. (*Id.*).³ Plaintiff attaches the 2022 QWR as Exhibit B to his Complaint. Plaintiff alleges with respect to the 2022 QWR, "Defendant again failed to comply." (*Id.* at pg. 3). Plaintiff further alleges additional Qualified Written Requests were sent on April 13, 2023 ("2023 QWR") and February 15, 2024 ("2024 QWR") (the 2021 QWR, 2022 QWR, 2023 QWR and 2024 QWR individually, a "QWR" and collectively, the "QWRs").⁴ (*Id.*). The 2023 QWR and 2024 QWR are attached to the Complaint as Exhibits C and D, respectively.

4. Plaintiff alleges "Defendant failed to acknowledge the QWR within five business days and did not provide a meaningful response within thirty business days, in violation of RESPA." *Id.*

5. Plaintiff alleges Defendant's failure to respond to the QWRs caused Plaintiff confusion, legal expenses, and "other actual damages, including potential wrongful default status, inaccurate credit reporting, and emotional distress." (*Id.*). Plaintiff further alleges Selene "provided false, misleading, or incomplete statements regarding the loan balance, escrow account, late fees, and default status." (*Id.*). Plaintiff alleges Selene also "misapplied payments, charged unsubstantiated fees, and failed to provide accurate periodic accounting despite repeated requests." (*Id.*). Plaintiff asserts he "relied on these false representations and suffered actual harm as a result." (*Id.*).

6. Plaintiff alleges he is the borrower of a mortgage secured by a Deed of Trust recorded for the Property. (*Id.* at pg. 5). Plaintiff alleges Section 3 of the Deed of Trust provides "the lender" the option to waive the requirement of an escrow account which would allow Plaintiff

---

³ The 2022 QWR is attached to the Complaint as its Exhibit B. Because the 2022 QWR is attached to the Complaint and is central to Plaintiff's claims, the Court may consider the 2022 QWR in ruling on this Motion. *Sigler*, 2017 WL 74756, at *3.

⁴ The 2023 QWR and 2024 QWR are attached to the Complaint as Exhibits C and D. Because the 2023 QWR and 2024 QWR are attached to the Complaint and central to Plaintiff's claims, the Court may consider the 2023 QWR and 2024 QWR in ruling on this Motion. *Sigler*, 2017 WL 74756, at *3.

to directly pay property taxes and insurance premiums. (*Id.*). Plaintiff alleges the following insurance policies were active "without lapse during the relevant period:" (1) an Aventus Insurance Company Policy from October 3, 2019 to October 3, 2025; (2) an Aventus Insurance Company Policy from October 3, 2019 to October 3, 2024; (3) a Southern Vanguard Insurance Policy from May 29, 2019 to May 29, 2020 "(rescission of nonrenewal)"; and Texas FAIR Plan Policies with continuous coverage from 2012-2015. (*Id.* at pgs. 5-6).

7. Plaintiff filed this Adversary Action in connection with his bankruptcy matter previously pending in this Court, styled and numbered *In Re Charles Mosely, Debtor,* Case No. 25-31187 ("Bankruptcy Case"). On May 20, 2025, this Court entered its Order of Dismissal dismissing the Bankruptcy Case. On June 3, 2025, Plaintiff filed his Motion to Vacate Order of Dismissal and Reinstate Chapter 13 Case in the Bankruptcy Case, but there has been no ruling yet.

### III.
### ARGUMENT AND AUTHORITIES

**A.     Rule 12(b)(6) Standard of Review**

8. Rule 12(b)(6) of the Federal Rules of Civil Procedure is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure. *See In re Mining Project Wind Down Holdings Inc.*, No. 23-3210, 2024 WL 1542786, at *1 (Bankr. S.D. Tex. Apr. 8, 2024); *In re Hoffman*, No. 11-43848, 2012 WL 3070437, at *1 (Bankr. E.D. Tex. Jul. 30, 2012). In deciding a Rule 12(b)(6) motion, a district court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555; *see also Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009).  "Dismissal is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Vines v. City of Dallas, TX*, 851 F. Supp. 254, 259 (N.D. Tex. 1994).

B.      **Plaintiff Fails to State a Claim for Violations of RESPA**

      1.      **Plaintiff Fails to State a Claim for Violations of RESPA Under 12 U.S.C. § 2605(e)**

9.      To state a claim under 12 U.S.C. § 2605(e), a plaintiff must allege: "(1) the defendant is a loan servicer under RESPA; (2) the plaintiff sent correspondence meeting the requirements of a QWR to the defendant; (3) the defendant failed to respond to the QWR in a timely manner; and (4) the defendant's failure to respond to the QWR caused actual damages." *Hill v. Wells Fargo Bank, N.A.*, No. CIV.A. V-12-11, 2012 WL 2065377, at *5 (S.D. Tex. June 6, 2012).  Plaintiff alleges Selene failed to comply with 12 U.S.C. §§ 2605(e)(1)(A) and 2605(e)(2) by failing to: (1) acknowledge receipt of "the QWR" within five business days; (2) failing to substantively respond within thirty business days; (3) failing to correct errors or "explain their position"; and (4) engaging in undefined practices which Plaintiff contends caused him damage. (Doc. 2, pg. 3).  Plaintiff also seeks damages pursuant to 12 U.S.C. § 2605(f).

      (a)      **Plaintiff's RESPA Claim Fails as a Matter of Law Because the QWRs are not Qualified Written Requests as Defined by Section 2605**

10.     To qualify as a Qualified Written Request under 12 U.S.C. § 2605, a request must relate to the servicing of the subject loan.  *Hurd v. BAC Home Loans Servicing, LP,* 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012); 12 U.S.C. § 2605(e)(1)(A). Servicing "means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts".  12 U.S.C.A. § 2605(i)(3).  "'[R]ambling, repetitive, discovery-style document demands and interrogatories" are not qualified written requests that trigger a servicer's duties under Section 2605.  *Fla. Sunshine Stanford v. JPMorgan Chase Bank*, No. 4:16-CV-

00510, 2017 WL 6403041, at *5 (E.D. Tex. Aug. 9, 2017), report and recommendation adopted, No. 4:16-CV-00510, 2017 WL 6403042 (E.D. Tex. Sept. 7, 2017), aff'd sub nom. *Fla. Sunshine Stanford v. JPMorgan Chase Bank, Nat'l Ass'n*, 720 F. App'x 728 (5th Cir. 2018) (quoting *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 786 (S.D. Miss. 2014)). General requests for information or requests seeking "all information" relating to a loan are also not qualified written requests under Section 2605. *Hollenshead v. Bank of Am., N.A.*, No. 418CV00724ALMCAN, 2020 WL 4615096, at *7 (E.D. Tex. May 19, 2020), report and recommendation adopted, No. 4:18-CV-724, 2020 WL 3496335 (E.D. Tex. June 29, 2020) (letter containing "rambling, repetitive" requests for documents needed to validate a loan and requesting all information related to the servicing of the loan was not a qualified written request under Section 2605).

11. Demands for production of loan documents also do not relate to the servicing of a loan, and do not "trigger a loan servicer's response obligations under [Section 2605]." *Allen v. Bank of Am., N.A.*, No. EP-14-CV-429-KC, 2015 WL 1726986, at *12 (W.D. Tex. Apr. 15, 2015); *see also Armendariz v. Bank of Am., N.A.,* No. EP-15-CV-00020-DCG, 2015 WL 3504961, at *6 (W.D. Tex. May 21, 2015) (request for loan documents was not a qualified written request). Additionally, demands for validation of a debt or a servicer's authority to collect payments do not constitute qualified written requests under Section 2605. *Matter of Parker*, 655 F. App'x 993, 998 (5th Cir. 2016) (letter requesting proof of recipient's authority to collect payments was not a qualified written request under RESPA); *Hurd,* 880 F. Supp. 2d at 768 (allegation plaintiff sent a letter seeking validation of the debt, among other things, was insufficient to state a claim under Section 2605); *Hollenshead*, 2020 WL 4615096, at *7 (letter containing" rambling, repetitive" requests for documents needed to validate a loan was not a qualified written request under Section 2605.); *see also Ward v. Sec. Atl. Mortg. Elec. Registration Sys., Inc.*, 858 F. Supp. 2d 561, 574

(E.D. N.C. 2012) (letter challenging the validity of the loan was "not a communication relating to the servicing of the loan as defined by statute."). Moreover, a qualified written request must include a statement explaining why the borrower believes there is an error in the servicing of the loan. *Duncan v. LNV Corp.*, No. CV H-11-3797, 2012 WL 13041999, at *5 (S.D. Tex. July 20, 2012); 12 US.C. § 2605(e)(1)(B)(ii); *Hollenshead*, 2020 WL 4615096, at *7.

12. Here, each of the alleged QWRs are nothing more than rambling lists of requests for documents and information which are akin to interrogatories and requests for production. Several of Plaintiff's requests in the 2021 QWR, 2022 QWR and 2023 QWR seek information regarding the original promissory note and security instrument. For example, the 2021 QWR and 2022 QWR request information regarding the custodian of the original promissory note and security instrument and information regarding whether the promissory note has been lost. Such requests are not related to the servicing of the loan and do not trigger Selene's duties to respond under Section 2605. *Allen* 2015 WL 1726986, at *12. Additionally, none of the QWRs allege any error in the servicing of the Loan. (*See* Exhibits A-D of the Complaint). Instead, the QWRs seek general information "which could apply to almost any borrower" which is insufficient to trigger the requirements of Section 2605. *Duncan*, 2012 WL 13041999, at *6 (request providing no information regarding payments or servicing errors was a form letter which could apply to any borrower and was likely not a valid qualified written request). Because the QWRs fail to identify any servicing errors or identify any disputes regarding the servicing (and the basis for any such dispute), the QWRs are not qualified written requests as defined by RESPA. Additionally, the 2024 QWR is labeled Notice of Dispute; Demand for Validation and Proof of Claim, references the Fair Debt Collection Practices Act, and seeks information related to Selene's authority to collect payments on the Loan. (Exhibit D to the Complaint). The 2024 QWR is a request for debt

validation and is not a qualified written request under Section 2605. *Hollenshead*, 2020 WL 4615096, at *7. Because the QWRs are not valid qualified written requests, Plaintiff cannot state a claim under Section 2605 and Plaintiff's RESPA claim should be dismissed with prejudice.

      **(b)**     **Plaintiff's RESPA Claim is Time Barred with Respect to the 2021 QWR**

13. The statute of limitations for a claim under 12 U.S.C. § 2605 is three years. 12 U.S.C. § 2614; *Davis v. GMAC Mortg., LLC*, No. CIV.A. H-11-09, 2011 WL 677359, at *3 (S.D. Tex. Feb. 16, 2011). Plaintiff alleges he sent the 2021 QWR on October 21, 2021 and Selene failed to acknowledge receipt of the 2021 QWR within five business days or respond within 30 business days. Section 2605(e) requires a servicer provide a written response to qualified written request not later than 30 days excluding legal public holidays, Saturdays and Sundays, after receipt of the request. 12 U.S.C.A. § 2605. Thus, based on Plaintiff's pleadings, any claim for the 2021 QWR accrued at the latest, 30 business days after October 21, 2021 or December 6, 2021.[5] The statute of limitations therefore expired on December 6, 2024, well before Plaintiff filed the Complaint. Any claim for violations of Section 2605 premised upon the 2021 QWR is therefore barred by the statute of limitations and should be dismissed.

      **2.**     **Plaintiff Fails to State a Claim for Violations of RESPA Under 12 C.F.R. 1024**

14. Plaintiff asserts Defendant violated 12 C.F.R. § 1024.37 by failing to cancel force-placed insurance within 15 days of Plaintiff providing evidence of insurance coverage. (*See* Doc. 2, pg. 6). Plaintiff alleges the Deed of Trust provides the "lender" the "option to waive the

---

[5] The Court may consider matters of which it can take judicial notice in considering this Motion to Dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). The Court may take judicial notice of dates and calendars. *See United States v. Calderon*, No. CIV.A. H-99-482-1, 2010 WL 3430370, at *1, n. 3 (S.D. Tex. Aug. 27, 2010); *Jenkins v. Orkin Exterminating Co.*, 646 F. Supp. 1274, 1276 (E.D. Tex. 1986). Defendant respectfully requests the Court take judicial notice of the 2021 calendar and that thirty days after October 21, 2021, excluding weekends and public holidays, is December 6, 2021.

requirement for an escrow account" and that he had multiple insurance policies in effect "during the relevant period". (*Id.* at pg. 5). Plaintiff does not allege Selene, or a lender, waived the escrow requirement or agreed to Plaintiff paying directly for insurance for the Property, however. Moreover, Plaintiff does not allege these insurance policies complied with the requirements of the deed of Trust or that Plaintiff gave sufficient notice of the alleged insurance policies. *Wilson v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2006-QS5*, No. 3:18-CV-0854-D, 2019 WL 5840325, at *12 (N.D. Tex. Nov. 7, 2019) (dismissing claim under Section 1024.37 because "the Thomases do not allege that the insurance they had in place 'complie[d] with the loan contract's requirements,' as 12 C.F.R. § 1024.37(g) requires. In the absence of this essential component, the court cannot draw the reasonable inference that the force-placed insurance was placed in violation of 12 C.F.R. § 1024.37(g)."). Plaintiff does not allege when Selene allegedly force-placed insurance, when or how Plaintiff allegedly provided evidence of his insurance coverage and when or if the alleged force-placed insurance was cancelled. Plaintiff fails to plead any facts to support a claim under 12 C.F.R. § 1024.37 and this claim should be dismissed. *Twombly*, 550 U.S. 544, 570; *Ashcroft*, 556 U.S. at 677.

15. Plaintiff further asserts Defendant violated 12 C.F.R. § 1024.17 through the "mismanagement of escrow funds, including false claims of shortage, unlawful increases in monthly payments, and the force-placement of unnecessary and more expensive insurance." (Doc. 2, pg. 6). First, Plaintiff's claim under 12 C.F.R. § 1024.17 fails as a matter of law because there is no private cause of action under Section 1024.17. *Ghattas v. Caliber Home Loans, Inc.*, No. 4:20-CV-0077, 2021 WL 536462, at *4 (S.D. Tex. Jan. 25, 2021), report and recommendation adopted, No. 4:20-CV-0077, 2021 WL 535575 (S.D. Tex. Feb. 12, 2021) ("no private right of

action exists for violations of the regulations set forth in 12 C.F.R. § 1024.17 which implement Section 10 of RESPA, codified at 12 U.S.C. § 2609."); *State of La. v. Litton Mortg. Co.*, 50 F.3d 1298, 1304 (5th Cir. 1995) ("Congress did not intend to create a private right of action under Section 10 of RESPA."). Plaintiff's claim under Section 1024.17 fails on this basis alone and should be dismissed.

16. Even if Section 1024.17 creates a private cause of action, which it does not, Plaintiff fails to plead any facts to support this claim. Plaintiff alleges no facts regarding Defendant's alleged mismanagement of escrow funds, why any alleged shortage claims are false, when Defendant unlawfully increased payments or made false claims of shortage. Plaintiff wholly fails to plead any claims regarding Defendant's alleged violation of 12 C.F.R. § 1024.17 and this claim should be dismissed on this basis as well. *Twombly*, 550 U.S. 544, 570; *Ashcroft*, 556 U.S. at 677.

### 3. Plaintiff Fails to Plead Actual or Statutory RESPA Damages

17. "To recover for a violation of RESPA, a borrower must show she suffered actual damages resulting from the violation." *Carmon v. Carrington Mortg. Servs., LLC*, No. 4:22-CV-03534, 2023 WL 9184038, at *6 (S.D. Tex. Dec. 5, 2023), report and recommendation adopted sub nom. No. 4:22-CV-03534, 2024 WL 1476162 (S.D. Tex. Jan. 12, 2024). Additionally, Section 2605(f) of RESPA provides that "'[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure'" in a sum equal to "'any actual damages to the borrower as a result of the failure,'" and "'any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.'" *Wilson v. Deutsche Bank Tr. Co. Americas*, No. 3:18-CV-854-D, 2020 WL 3452298, at *7 (N.D. Tex. June 24, 2020) (quoting 12 U.S.C. § 2605(f)(1)(A), (B)). Nevertheless, "'[a] borrower cannot recover 'additional' damages under § 2605(f)(1)(B) without

*first recovering* actual damages.'" *Id.* (quoting *Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 719-20 (8th Cir. 2018) (emphasis added)). Therefore "'[f]or RESPA's statutory damages to be 'additional,' there must be other damages to which they are added.'" *Id.* (quoting Wirtz, 886 F.3d at 720). "To establish the 'actual damages' to which additional damages may be added, 'a claimant must show that actual damages *resulted from* a RESPA violation.'" *Id.* (quoting *Whittier v. Ocwen Loan Servicing, L.L.C.*, 594 F.App'x 833, 836 (5th Cir. 2014) (emphasis added). Put another way, Plaintiff here must plead that he "sustained actual damages proximately caused by the alleged RESPA violations." *Id. (quoting Stanford v. JPMorgan Chase Bank, Nat'l Ass'n*, 2017 WL 690561, at *3 (E.D. Tex. Jan. 31, 2017), rec. adopted, 2017 WL 679659 (E.D. Tex. Feb. 21, 2017)); *see also Gooden v. Wells Fargo Bank, N.A.*, 2019 WL 6829047, at *4 (N.D. Tex. Dec. 13, 2019) (Pittman, J.) (granting summary judgment where the "alleged damages did not result from the alleged wrongful conduct under RESPA"). Plaintiff fails to plead actual or statutory damages.

      **(a)**    **Plaintiff Fails to Adequately Plead any Purported RESPA Violation Caused him Actual Damages**

18.    Plaintiff fails to plead any facts to show Selene's alleged violations of RESPA caused Plaintiff actual damages. Plaintiff alleges in a wholly conclusory fashion Selene's alleged failure to respond to the QWRs caused Plaintiff "confusion, legal expenses, and other actual damages, including potential wrongful default status, inaccurate credit reporting, and emotional distress." Plaintiff does not plead any facts to support this conclusory statement. Plaintiff does not plead how or when any action or omission of Selene caused inaccurate credit reporting, how any credit reporting was inaccurate, who reported the inaccurate information, to whom the inaccurate information was reported, or what information was inaccurately reported. Plaintiff pleads no facts to support his allegation he has suffered confusion or mental distress. Moreover, Plaintiff's allegations of a "potential wrongful default status" appear to be conjectural and Plaintiff

wholly fails to plead he has suffered any damages related to a hypothetical loan status. Finally, even if Plaintiff had pled any facts to show he has suffered actual damages, which he has not, Plaintiff wholly fails to plead any facts explaining how Selene's alleged failure to timely respond to the QWRs, the alleged failure to cancel force-placed insurance, or alleged mismanagement of Plaintiff's escrow account caused Plaintiff any actual damages. Because Plaintiff's allegations are wholly conclusory, they should be disregarded by the Court in ruling on this Motion to Dismiss. *Twombly*, 550 U.S. 544, 570; *Ashcroft*, 556 U.S. at 677. Because Plaintiff fails to plead all elements required to state a claim under 12 U.S.C. § 2605(e), Plaintiff's RESPA claim should be dismissed.

### (b) Plaintiff Fails to State a Claim for Statutory Damages pursuant to 12 U.S.C. § 2605(f)

19. Plaintiff also asserts he is entitled to statutory damages pursuant to 12 U.S.C. § 2605(f). Section 2605(f)(1)(B) provides for additional damages "in the case of a pattern or practice of noncompliance with the requirements of this section[.]" *Obazee v. Bank of New York Mellon*, No. 3:15-CV-1082-D, 2015 WL 8479677, at *3 (N.D. Tex. Dec. 10, 2015) (quoting 12 U.S.C. § 2605(f)(1)(B)). Courts have interpreted the phrase "pattern and practice of noncompliance" to mean "a standard or routine way of operating." *Id.* (quoting *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365-66 (S.D. Fla. 2009), aff'd, 398 F. App'x 467 (11th Cir. 2010)). "Courts have also required that plaintiffs seeking statutory damages present evidence of a 'standard or institutionalized practice of noncompliance' by the defendant." *Id.* (quoting *McLean*, 595 F. Supp. 2d 1360, 1365-66).

20. First, because Plaintiff failed to sufficiently plead actual damages, Plaintiff's claim for statutory damages fails. Second, Plaintiff fails to plead any facts whatsoever to support a claim for statutory damages under Section 2605(f). Plaintiff does not allege any actions or omissions of

Selene that constitute a pattern or practice of noncompliance or allege any facts that any alleged actions or omissions are Selene's routine way of operating. Plaintiff therefore fails to state a claim under Section 2605.

C. **Plaintiff Fail to State a Claim for Violation of the Texas DTPA**

   1. **Plaintiff's DTPA Claim Fails as a Matter of Law**

   21. To prevail on a DTPA claim, a plaintiff must be a consumer under the DTPA. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995). The DTPA defines a consumer as a person "who seeks or acquires by purchase or lease any goods or services." TEX. BUS. & COM. CODE § 17.45(4). But "a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App.—Fort Worth 2007, pet. denied.); *see also Marketic v. U.S. Bank, N.A.*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006) (stating that "merely obtaining a loan or an extension of credit does not qualify one as a 'consumer'"). Even if a lender provides services that are incidental to the loan, such does not transform the borrower into a "consumer." *Maginn v. Norwest Mortgage Corp.*, 919 S.W.2d 164, 166-67 (Tex. App.—Austin 1996, no writ); *see also Porter v. Countrywide Home Loans*, No. CV-07-75, 2008 WL 2944670, at *3 (S.D. Tex. July 24, 2008). Plaintiff's DTPA claim, and the entire Adversary Action, is premised on amounts charged to the Loan, payments to the Loan, and Plaintiff's alleged attempts to obtain information regarding the Loan. Accordingly, Plaintiff is not a consumer and his DTPA claim should be dismissed with prejudice.

   2. **Plaintiff's Fails to Plead any Facts to Support his DTPA Claim**

   22. Plaintiff alleges Selene violated the DTPA by: (1) "misrepresenting the loan balance, payment due, and default status"; (2) misapplying payments and charging unauthorized

fees; (3) failing to provide accurate information regarding escrow and payment histories; and (4) "representing services had characteristics or benefits which they did not have." (Doc. 2, pg. 4).

23.     Plaintiff does not identify how or when Selene misrepresented the balance of the Loan or explain why the balance of the Loan is otherwise allegedly incorrect. Plaintiff similarly fails to allege how or when any payments were misapplied or identify any unauthorized charges applied to the Loan. Plaintiff does not allege what information was not provided regarding the escrow or payment history or what information was provided but was incorrect. Moreover, Plaintiff's allegation Selene misrepresented the "payment due" is unintelligible and it is wholly unclear what Plaintiff is alleging Selene misrepresented with respect to any payment under the Loan. Plaintiff does not allege any facts whatsoever to support his conclusory allegations. Because Plaintiff's allegations are wholly conclusory, they should be disregarded by the Court in ruling on this Motion to Dismiss and the Court should dismiss Plaintiff's DTPA claim. *Twombly*, 550 U.S. 544, 570; *Ashcroft*, 556 U.S. at 677.

D.     **Plaintiff Fails to State a Claim for Breach of Contract**

24.     Plaintiff asserts a breach of contract claim and contends the Deed of Trust permits Plaintiff to pay insurance directly when the escrow requirement is waived and "Servicer interference in this regard was unauthorized and unjustified."

25.     Under Texas law, to prevail on a breach of contract claim, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 465 (5th Cir. 2003). To sufficiently plead a breach of contract claim, Plaintiff "must plead the date of the contract, the parties to the contract, and the provisions of the contract allegedly breached." *Sandhar v. Grewal,* No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan 23, 2009); *see also Coleman v. Bank of*

*America, NA.,* No. 3-11-CV-0430-G-BD, 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011), rec. adopted, 2011 WL 2516668 (N.D. Tex. Jun. 22, 2011) (citing *Case Corp. v. Hi-Class Business Sys. of America, Inc.,* 184 S.W.3d 760, 769-70 (Tex. App.—Dallas 2005, pet. denied); *Hullett v. Deutsche Bank Nat'l Tr. Co.*, No. 4:22-CV-651-ALM-KPJ, 2023 WL 2520764, at *9 (E.D. Tex. Feb. 6, 2023), report and recommendation adopted, No. 4:22-CV-651-ALM-KPJ, 2023 WL 2499920 (E.D. Tex. Mar. 13, 2023). Moreover, "if Plaintiff 'fail[s] to allege [that he was] current on [his] payments ..., dismissal of the[] breach of contract claim is proper.'" *Id.*

26. Plaintiff does not allege he has any contractual relationship with Defendant, which Plaintiff alleges is the servicer of the Loan, because he does not. *See, e.g., Steele v. Green Tree Servicing, LLC,* No. 3:09-CV-0603-D, 2010 WL 3565415, at *3 (N.D. Tex. Sept. 7, 2010) ("Defendants point to summary judgment evidence that Green Tree's only relationship with the Steeles was as the loan servicer for REO. … [and] [Plaintiffs] point to no evidence that Green Tree was a party to either instrument; therefore, they have not met their burden of raising a genuine issue of material fact regarding whether Green Tree owed them contractual duties."); *Kapsis v. Am. Home Mortg. Servicing Inc.,* 923 F.Supp.2d 430, 451 (E.D.N.Y. 2013) ("Plaintiff merely alleges that the servicing rights to his Loan were transferred to AHMSI, but not that any contractual relationship existed between himself and AHMSI, a relationship that is required to maintain a breach of contract claim."). Here, Plaintiff does not allege Defendant is a party or assignee to the Deed of Trust or any contract with Plaintiff and Defendant is not a party to the Deed of Trust.[6] (*See* Doc. 2, its Exhibit I). Thus, the breach of contract claim fails.

---

[6] The Deed of Trust is attached to the Complaint as its Exhibit I. The Deed of Trust is attached to the Complaint and is central to Plaintiff's claims and the Court may therefore consider the Deed of Trust in ruling on this Motion. *Sigler*, 2017 WL 74756, at *3.

27. Additionally, a party who has not performed under a contract cannot assert a claim for breach of contract. It is "elementary that a party to a contract who is himself in default cannot maintain a suit for its breach." *Gulf Pipe Line Co. v. Nearen,* 138 S.W.2d 1065, 1068 (Tex. 1940) (citations omitted); *see also Thomas v. EMC Mortg. Corp.,* 499 F. App'x 337, 341 (5th Cir. 2012) ("Under well-established principles of Texas contract law, that material breach would normally prevent [the Plaintiffs] from maintaining a breach-of-contract claim.") (citing *Dobbins v. Redden,* 785 S.W.2d 977, 978 (Tex. 1990))); *Rabe v. Wells Fargo Bank, N.A.,* No. 4:11–CV–787, 2013 WL 5458068, at *4 (N.D. Tex. Sept. 30, 2013) (dismissing borrowers' breach-of-contract claim because they "failed to make the required monthly payments and therefore cannot bring a claim of breach"). Here, Plaintiff does not plead that he has been performing under the Loan. (*See generally* Complaint); *see, e.g., Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) (dismissing breach of contract claim where plaintiffs failed to allege they were current on payments).

28. Plaintiff also fails to plead any facts to support his claim for breach of contract. Plaintiff does not allege Defendant's actions or omissions which Plaintiff contends breached the Deed of Trust. Plaintiff does not explain how Defendant allegedly interfered with the Deed of Trust or Plaintiff's ability to pay insurance directly. Plaintiff does not allege the escrow requirement was waived or when Defendant purportedly imposed force-placed insurance. Furthermore, Plaintiff does not allege any facts showing he suffered damages as a result of Defendant's alleged breach of the Deed of Trust. Plaintiff wholly fails to plead any facts to support a claim for breach of contract and this claim should be dismissed. *Twombly*, 550 U.S. 544, 570; *Ashcroft*, 556 U.S. at 677.

E. **Plaintiff Fails to State a Claim for Injunctive or Equitable Relief**

29. While Plaintiff does not plead a specific claim for injunctive relief, Plaintiff requests "[i]njunctive and/or equitable relief as necessary to correct Defendant's practices". (Doc. 2, pg. 7). Plaintiff does not identify the type of injunctive or equitable relief he seeks. Plaintiff also fails to identify the basis for this request or allege any facts to support this request. Because Plaintiff wholly fails to plead anything to support this conclusory request for relief, this claim should be dismissed. *Twombly*, 550 U.S. 544, 570.

30. Plaintiff's request for injunctive relief also fails because Plaintiff's substantive claims fail. A request for injunctive relief is not a claim itself but is dependent on an underlying claim. *Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 625 n.2 (Tex. 2011) (noting that a permanent injunction is "available only if liability is established under a cause of action"); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (must plead and prove a cause of action to be entitled to injunctive relief); *see also Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010). Plaintiff's claim for injunctive relief can only be premised upon his substantive claims and allegations. Because Plaintiff fails to state a claim for substantive relief, Plaintiff's claim for injunctive relief similarly fails and must be dismissed.

F. **Plaintiff's Claim for Attorney Fees Fails as a Matter of Law**

31. Plaintiff seeks attorney fees under "§ 17.50(d)". It is unclear from Plaintiff's allegations under what law or regulation Plaintiff is seeking attorney fees. Plaintiff's claim for attorney fees fails regardless of the authority on which he relies, however. Texas adheres to the American Rule regarding attorney fees under which litigants may only recover attorney fees if provided for by statute or contract. *Epps v. Fowler*, 351 S.W.3d 862, 865 (Tex. 2011). First, Plaintiff is representing himself and does not have an attorney representing him in this case, and he is not permitted to recover attorney fees without having engaged an attorney who has incurred

attorney fees. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 488 (Tex. 2019) ("a party must be represented by an attorney to secure an award of attorney's fees.").[7] Second, to the extent Plaintiff seeks attorney fees under his claim for breach of contract, Plaintiff cannot recover attorney fees because his breach of contract claim fails. "To recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997); see also State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437 (Tex.1995). Here, Plaintiff is not the prevailing party, did not engage an attorney to represent him in this case, and is not entitled to attorney's fees. Thus, Plaintiff has no basis for his claim for attorney fees and this claim should be dismissed.

## IV.
## CONCLUSION

For the foregoing reasons, Selene respectfully requests that the Court grant its Amended Motion to Dismiss, dismiss Plaintiff's First Amended Adversary Complaint for RESPA and DTPA Violations and the Adversary Action with prejudice, and grant Selene all other and further relief at law and in equity to which it is entitled.

---

[7] Defendant respectfully requests the Court take judicial notice of its files that no attorney has filed an appearance for Plaintiff in this Adversary Action. *Norris* 500 F.3d 454, 461 n.9.

Respectfully submitted,

/s/ Caroline E. Allen
**Jason L. Sanders, Attorney in Charge**
  Southern I.D. No. 597751
  Texas Bar No. 24037428
  jsanders@sanderscollins.com
  (214) 894-9981 Direct
  (214) 499-7709 Cell
**Matthew H. Davis**
  Southern I.D. No. 1124612
  Texas Bar No. 24069580
  mdavis@sanderscollins.com
  (214) 894-9985 Direct
  (713) 471-6868 Cell
**Caroline E. Allen**
  Southern I.D. No. 3708027
  Texas Bar No. 24121320
  callen@sanderscollins.com
  (214) 894-9982 Direct
  (575) 808-3206 Cell
SANDERS COLLINS PLLC
6301 Gaston Ave., Suite 1121
Dallas, Texas  75214
Main Telephone:  (214) 894-9980
Facsimile:  (214) 242-3004
www.sanderscollins.com

**COUNSEL FOR DEFENDANT
SELENE FINANCE LP**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Plaintiff by U.S. Mail and/or Certified Mail, Return Receipt Requested pursuant to the Federal Rules of Civil Procedure on this 15th day of July, 2025.

/s/ Caroline E. Allen
Counsel for Defendant Selene Finance LP